# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.P.-1, K.P., & S.M.**

**No. 15-0590** (Mingo County 14-JA-20, 14-JA-21, & 14-JA-22)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.P.-2, by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's May 29, 2015, order accepting his voluntary relinquishment of his parental rights to J.P.-1, K.P., and S.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response on behalf of the children. On appeal, petitioner alleges that the circuit court erred in denying him continued visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the DHHR received a referral that S.M. witnessed several instances of sexual abuse that her parents were alleged to have perpetrated on other teenagers. The referral also stated that the parents offered their children alcohol and would physically abuse their children. Child Protective Services ("CPS") interviews over the next two months uncovered additional allegations from a litany of individuals against the parents for an array of

---

[1]The record on appeal indicates that petitioner is the biological father of J.P.-1 only. According to the record, it was not until the dispositional hearing below that petitioner was informed that he is not K.P.'s biological father. However, during the proceedings below, petitioner voluntarily relinquished his parental rights to J.P.-1 and also his custodial rights to, at least, K.P. Because he alleges on appeal that the circuit court erred in terminating his visitation rights "to the children," and out of an abundance of caution in ensuring the safety of all the children involved, the Court will address the circuit court's rulings as they apply to all the children below.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

inappropriate and possibly illegal conduct, including maintaining inappropriate sexual relationships with minors, abuse of controlled substances, and providing alcohol and controlled substances to minors, among other allegations. CPS also discovered allegations of unsuitable conditions in the home, including a lack of running water and food. Ultimately, CPS substantiated neglect for a dangerous living environment, lack of supervision, emotional abuse, and exposing the children to the sexual abuse of the other teenage victims. At some point, the mother was charged with one count of sexual abuse by a parent, guardian, or custodian for having an inappropriate relationship with a female student. The mother later pled guilty to one count of third-degree sexual assault and is required to register as a sex offender.

In May of 2014, the DHHR filed an abuse and neglect petition against the parents based upon the investigation outlined above. The DHHR alleged that the parents failed to provide appropriate supervision and subjected the children to unsuitable living conditions as well as mental and emotional abuse by subjecting the children to inappropriate sexual relationships and drug use. In June of 2014, the circuit court held an adjudicatory hearing, during which the circuit court heard testimony from S.M., M.H., K.H., and CPS worker Lee Ann Blankenship. After considering the testimony, the circuit court found that the DHHR failed to meet its burden of proof in regard to the allegations of abuse and neglect and dismissed the petition. The circuit court also ordered that the children be returned to the parents within fifteen days, though the transfer of custody was stayed several times below pending the guardian's subsequent appeal to this Court.

In July of 2014, the guardian appealed the circuit court's order dismissing the petition below. Ultimately, the Court reversed and remanded the matter for the entry of an adjudicatory order finding the parents to be abusing parents and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-1 to § 49-6-12. *In re: J.P., K.P., and S.M.*, No. 14-0668 (W.Va. Supreme Court, November 24, 2014) (memorandum decision).

After the matter was remanded, the circuit court held a dispositional hearing in April of 2015, during which petitioner requested that the matter be continued because of the unavailability of a witness. The circuit court granted that motion and the matter was rescheduled for May 13, 2015. At the rescheduled hearing, petitioner's witness again did not appear. Ultimately, petitioner voluntarily relinquished his parental rights to J.P.-1 and his custodial rights to K.P., and the circuit court denied him visitation with the children. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

In discussing continued visitation with children after a parent's parental rights are no longer intact, we have stated that

the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). In the instant matter, the record is clear that petitioner did not request visitation with the children following his voluntary relinquishment of parental rights. Similarly, the record is clear that petitioner presented no evidence below that continued contact with the children would be in their best interest. To the contrary, the record shows that continued visitation with petitioner would not be in the children's best interest given the nature and prevalence of the allegations against them, including providing the children with alcohol and committing acts of sexual abuse against other minors in the children's presence. For these reasons, we find no error in regard to the circuit court denying petitioner continued contact with the children.

In support of this argument, petitioner also alleges that his "parental rights should not have been terminated even though he voluntarily relinquished" those rights, and that the evidence below did not establish that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future such that termination was required under West Virginia Code §49-6-5(b)(3). The Court, however, declines to address these allegations because they have no basis in fact from the proceedings below. The record is clear that petitioner voluntarily relinquished his parental rights to the children and that no involuntary termination occurred.

Further, to the extent petitioner argues that the circuit court erred in accepting his voluntary relinquishment, the Court finds no error. In support of his lone assignment of error, petitioner asserts that he decided to voluntarily relinquish his parental rights after a witness failed to appear for the continued dispositional hearing. However, the record shows that although he requested, and was granted, a continuance at the initial dispositional hearing because of this

witness's failure to appear, petitioner did not request any continuance at the rescheduled dispositional hearing. Thereafter, petitioner voluntarily relinquished his parental rights to the children. Pursuant to West Virginia Code § 49-6-7, "[a]n agreement of a natural parent in termination of parental rights shall be valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." The record shows that petitioner entered the written relinquishment freely and voluntarily. Indeed, on appeal, petitioner fails to even allege that he entered into the relinquishment under any fraud or duress.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 29, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4